IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVEN ROBINSON, # 155194,        :

    Plaintiff,                 :

vs.                               :   CIVIL ACTION 17-0460-JB-M

CERT CAPTAIN SMITH, *et al.*,     :

    Defendants.                :

REPORT AND RECOMMENDATION

Plaintiff Steven Robinson, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed this § 1983 action.  His action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and it is now before the undersigned for his failure to prosecute and to obey the Court's order.

Robinson filed his complaint on October 16, 2017, against Defendants for use of excessive force on October 4, 2017.  (Doc. 1 at 4).  Defendants Smith and McNeal were served and filed their Answers and Special Reports.  (Docs. 12, 13, 20, 21). Defendant Manuel was not able to be served.  (Docs. 7, 8, 11). Upon review of these Defendants' pleadings, the Court converted their Answers and Special Reports to a motion for summary judgment and notified Robinson that the motion for summary

judgment would be taken under submission on September 11, 2018. (Doc. 22). The Court advised him how to respond to the motion and informed him that granting the motion would foreclose further litigation on this matter. (*Id.* at 1-2). The Court ordered Robinson by September 10, 2018, to file his response to the motion and to advise the Court, in writing, if he wanted to continue the litigation of this matter. (*Id.* at 1, 3). He was warned that if he did not indicate that he wanted to continue his litigation by September 10, 2018, his case would be dismissed. (*Id.* at 3).

The Court's order (Doc. 22) was sent to Robinson at Holman Correctional Facility ("Holman"), which is the address that he provided to the Court. (Doc. 1). Robinson's copy of the Court's order has not been returned to the Court, nor has Robinson responded to the Court's order in any manner. Furthermore, the Court examined the website for the Alabama Department of Corrections and discovered that Robinson is still incarcerated at Holman.

A court has the inherent authority to dismiss an action *sua sponte* for lack of prosecution through the powers vested in it to manage its affairs. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). In addition, Rule 41(b)'s authorization to dismiss an action due to

2

the plaintiff's failure to prosecute or to comply with a court order has been interpreted to include *sua sponte* dismissals by the court.  *Brutus v. IRS*, 393 F. App'x 682, 683 (11th Cir. 2010) (unpublished)[1]; *Wedgeworth v. Corizon Health, Inc.,* 2013 WL 4791619, at *1 (S.D. Ala. 2013); *cf.* FED.R.CIV.P. 41(b) (containing language that a *defendant* may move for dismissal). Out of necessity, a court has this inherent power to dismiss an action "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citation and internal quotation marks omitted).

Because the Court ordered Robinson to advise the Court, in writing, if he wanted to continue the litigation of this action, and he has not done so, and because he has not responded in any manner to the Court's order, such as responding to the summary judgment motion, he appears to have abandoned the prosecution of his action.  Considering the alternatives available to the Court at this time and recognizing that Defendants expended their time and resources defending this action, the undersigned recommends that this action be dismissed without prejudice as no lesser

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

sanction will suffice.[2] *Blunt v. U.S. Tobacco Co.*, 856 F.2d 192 (6th Cir.1988) (unpublished) (affirming the district court's dismissal of the *pro se* plaintiff's action for failure to prosecute when he failed to file a response to the summary judgment motion or to show cause why the action should not be dismissed).

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

---

[2] Even though the undersigned is recommending that this action be dismissed without prejudice, its dismissal will undoubtedly be a dismissal with prejudice because the statute of limitations for a § 1983 action is two years, *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992), and Robinson identified his cause of action as accruing on October 4, 2017 (Doc. 1 at 4).

4

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 28th day of September, 2018.


/s/ BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

5